UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 OCT 6 P 12: 39
U.S. DISTRICT COURT
DISTRICT OF MASS.

KEVIN F. HUDOCK

Plaintiff

-v-

WOODS HOLE OCEANOGRAPHIC INSTITUTION,

Defendant.

CIVIL ACTION NO. 04-12117 GAO

MAGISTRATE JUDGE

RECEIPT # 59097
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE

## COMPLAINT AND JURY TRIAL DEMAND

### Jurisdiction

1. This action arises under the laws of the United States and is brought pursuant to the following: Title 42, §§ 12101 through 12117, of the United States Code, the Americans with Disabilities Act (ADA); Title 29, §§ 2601, et seq. of the United States Code, the Family Medical Leave Act of 1993 (FMLA). Jurisdiction is based upon the existence of questions arising therefrom as more fully appears below.

### The Parties

2. The Plaintiff, Kevin F. Hudock is an individual who, at all relevant times, resided in the Commonwealth, but now is a resident of the state of Pennsylvania.

3. The Defendant, Woods Hole Oceanographic Institution (WHOI), is an education and research facility located on Cape Cod and is an employer with more than 50 employees. At all relevant times, the Defendant WHOI was the employer of the Plaintiff.

## Background

4. The Plaintiff is an individual who suffers from diabetes, an impairment that substantially interferes with and/or limits a number of major life functions. He also has a record of such impairment.

5. On or about January 1997 the Plaintiff was employed with the Defendant as a Benefits Administrator.

6. In 1998 the Plaintiff was promoted to the position of Benefits Manager.

7. In or around November of 2002, the Plaintiff received his annual performance review/evaluation. In pertinent part, the review states: "....Kevin continues to effectively manage our benefits/retirement programs.... As said in past years, he is knowledgeable, analytical in his approach to problem solving, and does a thorough and thoughtful job researching and making recommendations." In that review, the Plaintiff received a grade of "Normal and Expected +."

8. In a performance review/evaluation that occurred on or about October 2001, the Plaintiff received a "Normal and Expected" grade.

9. In a performance review/evaluation that occurred on or about November 2000, November 1999, October 1998 and October 1997, the Plaintiff received a "Normal and Expected +".

10. During the summer of 2002, the Plaintiff suffered a complication from diabetes that required him to be out of work for approximately 6 weeks.

11. In February 2003, the Plaintiff suffered another complication from his diabetes that required him to be out of work for approximately 10 days, and then return to work on a reduced schedule for approximately 2 months thereafter.

12. On June 6, 2003, the Plaintiff was terminated from his employment by Carolyn Bunker and Kathy LeBernz. They claimed that the Plaintiff was being terminated because of his "lack of vision", "lack of management confidence", and failure to be "proactive."

13. The views expressed by Ms. Bunker and Ms. LeBernz conflict with the job performance reviews and praise the Plaintiff had received in the past.

14. At the termination meeting, the Plaintiff was given the opportunity to go out on "disability." Indeed, Ms. Bunker and Ms. LeBernz suggested that the Plaintiff apply for disability benefits. The Plaintiff believes that these suggestions indicate that respondent regarded him as a disabled individual.

15. In terminating the Plaintiff, the Defendant did not follow its own progressive disciplinary policy, which it is required to follow for all employees. If there was any problem with the Plaintiff's performance, those issues were required to be brought to the Plaintiff's attention to enable the Plaintiff to take whatever appropriate corrective action was necessary.

## Count I, Violations of the American with Disabilities Act of 1990

16. Paragraphs 1 through 15 of the complaint are hereby incorporated into this Count I as if fully set forth herein.

3

17. Because the Defendant did not follow its own policies and procedures, and did not communicate the purported performance issues with the Plaintiff at any time prior to his termination, the Plaintiff believes the reasons Defendant gave for the Plaintiff's termination of employment are false.

18. The reasons for the termination of employment are false, and ultimately, are grounded in a bias towards the Plaintiff because of his disability (diabetes) and/or being regarded as a disabled individual, and thus, the termination of employment is in violation of the Americans with Disabilities Act, Title 42, §§ 12101 through 12117, of the United States Code.

19. As a result of the Defendant's actions, the Plaintiff has suffered lost wages, and emotional distress, and has incurred attorneys' fees and costs. In addition, because the Plaintiff could not secure employment, he was forced to sell his home, and relocate to another state to live with a family member, all to his special loss and damage. Moreover, the Defendant's actions amount ot a reckless and callous disregard for his civil rights.

20. Prior to filing this action, the Plaintiff timely initiated a complaint before the Equal Employment Opportunity Commission (through the Massachusetts Commission Against Discrimination). He has received a Right to Sue letter.

## Count II, Violations of Mass.Gen.L. Chapter 151B, et. Seq.

21. Paragraphs 1 through 15 of the complaint are hereby incorporated into this Count II as if fully set forth herein.

22. Because the Defendant did not follow its own policies and procedures, and did not communicate the purported performance issues with the Plaintiff at any time prior to his termination, the Plaintiff believes the reasons Defendant gave for the Plaintiff's termination of employment are false.

23. The reasons for the termination of employment are false, and ultimately, are grounded in a bias towards the Plaintiff because of his disability (diabetes) and/or being regarded as a disabled individual, and thus, the termination of employment violated Chapter 151B, Section 1, of the Massachusetts General Laws.

24. As a result of the Defendant's actions, the Plaintiff has suffered lost wages, and emotional distress, and has incurred attorneys' fees and costs. In addition, because the Plaintiff could not secure employment, he was forced to sell his home, and relocate to another state to live with a family member, all to his special loss and damage. Moreover, the Defendant's actions amount ot a reckless and callous disregard for his civil rights.

25. Prior to filing this action, the Plaintiff timely initiated a complaint before the Massachusetts Commission Against Discrimination.

## Count III, Violations of the Family Medical Leave Act of 1993

26. Paragraphs 1 through 15 of the Complaint are incorporated into this Count III as if fully set forth herein.

27. The Plaintiff's absence from work during the summer of 2002 was a leave as expressly permitted under the Family Medical Leave Act of 1992.

28.  Because the Defendant did not follow its own policies and procedures, and did not communicate the purported performance issues with the Plaintiff at any time prior to his termination, the Plaintiff believes the reasons Defendant gave for the Plaintiff's termination of employment are false.

29.  The Defendant's actions as herein stated amounted to a significant and substantial change to the terms and conditions of the Plaintiff's employment, i.e., his termination, and were done either as a result of his taking medical leave or in retaliation for his taking this medical leave, and therefore, those actions violate Title 29, §§ 2601, et seq. of the United States Code, the Family Medical Leave Act of 1993 (FMLA).

30.  As a result of the Defendant's actions, the Plaintiff has suffered lost wages, and emotional distress, and has incurred attorneys' fees and costs.  In addition, because the Plaintiff could not secure employment, he was forced to sell his home, and relocate to another state to live with a family member, all to his special loss and damage.

WHEREFORE, the Plaintiff prays that this Honorable Court enter a judgment in his favor, and further ORDER:

A.  That the Defendant pay the Plaintiff all compensatory damages;

B.  That the Defendant be ordered to pay the Plaintiff punitive damages;

C.  That the Defendant be ordered to pay the costs the Plaintiff has incurred in prosecuting this action, including but not limited to reasonable attorneys fees; and

D.  Any additional relief that this Court deems equitable, just and proper.

DATED AT BOSTON, MASSACHUSETTS this 6th day of October, in the year 2004.

Respectfully submitted:
THE PLAINTIFF
Kevin F. Hudock
By his attorney:

William J. McLeod, BBO 560572
McLeod Law Offices, PC
77 Franklin Street
Boston, MA 02110
(617) 542-2956

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

12117 GAO P 12: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

KEVIN F. HUDOCK

    Plaintiff

-v-

WOODS HOLE OCEANOGRAPHIC INSTITUTION,

    Defendant.

CIVIL ACTION NO.

TO THE CLERK OF THE ABOVE CAPTIONED COURT:

The Plaintiff in the above captioned matter, by and through his undersigned counsel, respectfully requests a jury trial.

    Respectfully submitted:

    THE PLAINTIFF
    Kevin F. Hudock
    By his attorney:

DATED:    October 6, 2004

William J. McLeod, BBO 560572
McLeod Law Offices, PC
77 Franklin Street
Boston, MA 02110
(617) 542-2956