UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN F. HUDOCK,

    Plaintiff,

v.

WOODS HOLE OCEANOGRAPHIC
INSTITUTION,

    Defendant.

Civil Action No. 04-CV-12117-GAO

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## WOODS HOLE OCEANOGRAPHIC INSTITUTION
## TO PLAINTIFF'S COMPLAINT

For its answers and affirmative defenses to the Complaint of Kevin Hudock ("Plaintiff" or "Mr. Hudock"), Woods Hole Oceanographic Institution ("Defendant" or "WHOI"), states as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendant may have to seek relief by appropriate motions directed to the allegations of the Complaint. Defendant answers the allegations set forth in the separately numbered paragraphs of the Complaint as follows:

### "JURISDICTION"

1.    Paragraph 1 does not set forth any factual allegations, and therefore, no answer is required.

## "THE PARTIES"

2.  Defendant admits that Plaintiff is an individual. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3.  Defendant admits the allegations contained in the first sentence of paragraph 3 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 3 of the Complaint. By way of further answer, Defendant states that it formerly employed Plaintiff.

## "BACKGROUND"

4.  Defendant admits that Plaintiff is an individual. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint.

5.  Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.  Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.  Defendant admits that Plaintiff received an annual performance review in November 2002. Defendant denies the allegations contained in the second sentence of paragraph 7 of the Complaint. By way of further answer, the "pertinent part" of such review includes text other than the portion quoted in the second sentence. Defendant acknowledges that the second sentence accurately quotes a portion of the review. Defendant further states that Plaintiff's performance review is in writing. That document must be read in its entirety and that document is the best evidence of its contents. Defendant denies the allegations contained in the third sentence of paragraph 7. By way of further answer, the review does not include a "grade." The "Summary Assessment" section of the review states "Normal and Expected +."

2

8. Defendant denies the allegations contained in paragraph 8 of the Complaint. By way of further answer, Defendant states that it provided a performance review to Plaintiff in October 2001. The review does not include a "grade." The "Summary Assessment" section of the review states "Normal and Expected." Plaintiff's performance review is in writing. That document must be read in its entirety and that document is the best evidence of its contents.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint. Further answering, Defendant states that performance reviews were completed for Plaintiff in November 2000, October 1999, October 1998 and October 1997. Defendant further states that the "Summary Assessment" section in each such review states "Normal and Expected +." Defendant further states that Plaintiff's performance reviews are in writing. Those documents must be read in their entirety and those documents are the best evidence of their contents.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint. Further answering, Defendant states that Mr. Hudock was out of work from June 10, 2002 through July 15, 2002 (approximately five weeks). Defendant is without knowledge or information sufficient to form a belief as to whether or not Plaintiff "suffered a complication from diabetes that required him to be out of work."

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint. Further answering, Defendant states that Mr. Hudock was out of work from February 25, 2003 through March 10, 2003. From March 11, 2003 until the end of his employment, Mr. Hudock recorded, on his time reports, some full day absences and some partial day absences in varying amounts of time as "sick" time. Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Hudock "suffered another complication from his diabetes."

12. Defendant denies the allegations contained in paragraph 12 of the Complaint. By way of further answer, Defendant states that on June 6, 2003, Carolyn Bunker and Kathleen LaBernz informed Mr. Hudock that his employment with WHOI as Benefits Manager was terminated effective on that day. A letter concerning the termination stated: "The reason is lack of Management confidence." In a discussion that included Mr. Hudock, Ms. LaBernz and Ms. Bunker, Ms. LaBernz identified a number of concerns about Mr. Hudock's job performance that contributed to the decision to terminate Mr. Hudock's employment, including, but not limited to, concerns in the areas of vision and proactive communications.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint. Further answering, Defendant states that on June 6, 2003, Plaintiff was offered the option of applying for disability benefits. Defendant further states that it set forth options for Plaintiff's consideration in a letter dated June 6, 2003. That document must be read in its entirety and that document is the best evidence of its contents.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint. Defendant further states that its Progressive Disciplinary Action Policy is in writing. That document must be read in its entirety and that document is the best evidence of its contents.

### "Count I-Violation of the Americans With Disabilities Act of 1990"

16. Defendant repeats and incorporates herein its answers to paragraphs 1 through 15 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits that prior to filing this action, Plaintiff initiated a compliant before the Equal Employment Opportunity Commission (through the Massachusetts Commission Against Discrimination) and that he has received a right to sue letter. The remainder of the allegations in paragraph 20 set forth a legal conclusion and, therefore, no answer is required.

## "Count II-Violations of Mass. Gen. L. Chapter 151B, et. Seq."

21. Defendant repeats and incorporates herein its answers to paragraphs 1 through 20 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant admits that prior to filing this action, Plaintiff initiated a complaint before the Massachusetts Commission Against Discrimination. The remainder of the allegations in paragraph 25 set forth a legal conclusion and, therefore, no answer is required.

## "Count III – Violations of the Family Medical Leave Act of 1993"

26. Defendant repeats and incorporates herein its answers to paragraphs 1 through 25 of the Complaint.

27. To the extent that paragraph 27 alleges that Plaintiff was absent from work during the summer of 2002, Defendant admits such allegation. The remainder of the allegations in paragraph 27 set forth a legal conclusion and therefore, no answer is required.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

Defendant denies that the Plaintiff is entitled to the relief sought or to any relief whatsoever.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

To the extent that Plaintiff mitigated, minimized or avoided any damages allegedly sustained, any economic damages against the Defendant must be reduced by that amount. In addition, to the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against the Defendant must be barred.

## FOURTH DEFENSE

To the extent Plaintiff's claims are based on alleged adverse actions preceding the termination of his employment that occurred outside the applicable statute of limitations, his claims are barred.

## FIFTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

## SIXTH DEFENSE

Plaintiff's claims are barred because he has not suffered any damages.

## SEVENTH DEFENSE

Plaintiff's claims for emotional distress damages in Count III are barred, as such damages are not cognizable under the Family and Medical Leave Act.

## **EIGHTH DEFENSE**

Defendant hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this answer and assert such defenses.

Respectfully submitted,

WOODS HOLE OCEANOGRAPHIC INSTITUTION

By its attorneys,

Robert M. Hale (BBO No. 217170)
Anne M. Gaeta (BBO No. 643299)
**Goodwin Procter LLP**
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: December 9, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on _____